IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>FISHER-PRICE, INC., a Delaware corporation; and EXPRESSO FITNESS CORPORATION, a Delaware corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT<br><br><br>Case No. 1:08-CV-10 TS |

The Court has before it Plaintiff ICON Health & Fitness Corporation's ("ICON") Motion for Summary Judgment of Patent Infringement.[1] Although the Motion was filed on January of 2010, no opposition has yet been filed. In this Court, "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."[2] Pursuant to this rule, and in light of the foregoing, the Court will grant ICON's Motion.

---

[1]Docket No. 37.

[2]DuCivR 7-1(c).

1

I. BACKGROUND

ICON manufactures, markets, and sells fitness equipment. In July 2008, ICON filed its first amended complaint adding Expresso Fitness Corporation ("Expresso") as a defendant. Therein, ICON alleges, among other claims, that Expresso's line of exercise cycles, including models numbers S2r, S2u, S3r, S3u, and S3y (collectively, "Accused Products"), infringe upon claims 1, 23, 43, and 46 of its United States Patent No. 6,447,424 ("'424 Patent"). On January 19, 2010, ICON moved for summary judgment on these claims.

In November 2009, Expresso filed for Chapter 7 bankruptcy in the Northern District of California. The bankruptcy case was closed in December 2009. Around the time of the bankruptcy, a non-party (Interactive Fitness Holdings, LLC "IFH") acquired the assets of Expresso. ICON sought to substitute IFH for Expresso as the defendant in this case, but this request was recently denied by Magistrate Judge Nuffer.[3] No objection to this Order has been filed and the time to do so has expired.

Shortly after this motion was denied, ICON requested to submit for decision its unopposed Motion for Summary Judgment filed on January 19, 2010.[4] In its request to submit for decision, ICON notes that the Magistrate Judge found that Expresso continues in existence and is still subject to suit.[5] The Court further notes that Expresso's bankruptcy has now closed and there is nothing before the Court to suggest that Expresso's bankruptcy discharged, or

---

[3]Docket No. 61.

[4]Docket No. 62.

[5]*See* Docket No. 61, at 7-8.

otherwise disposed of, ICON's claims. Although Expresso is defunct, ICON desires to carry forward on its motion and asserts that there is no reason why this Court should preclude ICON from carrying its claims against Expresso to judgment.

## II. LEGAL STANDARD

As discussed previously, when an opposing party fails to timely respond to a motion, the Court may grant the motion without further notice.[6] However, federal courts have made clear that "it is improper to grant a motion for a summary judgment simply because it is unopposed."[7] In such situations, the standard for summary judgment is somewhat modified.[8] "It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law. In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts."[9] The Court "must consider the plaintiff's . . . claim based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party."[10]

---

[6] DuCivR 7-1(c).

[7] *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[8] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006).

[9] *Id.* (citing *Lady Baltimore Foods*, 643 F. Supp. at 407).

[10] *Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209 (1st Cir. 2008).

## III. DISCUSSION

ICON moves this Court for summary judgment in its favor on its claims that ICON that Expresso's Accused Products infringe upon claims 1, 23, 43, and 46 of its '424 Patent. Having carefully reviewed the record, the Court finds that there is a sufficient basis to enter judgment in favor of ICON on its claims of infringement. The Court can find no genuine issue of material fact, disclosed or undisclosed, that precludes an entry of judgment in favor of ICON. It is therefore

ORDERED that ICON's Motion for Summary Judgment of Patent Infringement (Docket No. 37) is GRANTED.

DATED   April 18, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge